IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

EDDIE LEE JINKS,                           :
                                           :
          Petitioner,                      :
                                           :
     v.                                    :          CIVIL ACTION NO.: CV613-106
                                           :
DENNIS BROWN, Warden, and                  :
BRIAN OWENS, Commissioner,                 :
                                           :
          Respondents.                     :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eddie Lee Jinks ("Jinks"), who is currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Superior Court of Bulloch County, Georgia. Respondent filed an Answer-Response and a Motion to Dismiss. Jinks filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Jinks' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Jinks was convicted in the Bulloch County Superior Court of robbery, kidnapping, making terroristic threats, and criminal trespass after he entered a guilty plea. He was sentenced on October 26, 2005, to ten years' imprisonment. Jinks did not file a direct appeal. Jinks filed a motion to void judgment with the Bulloch County Superior Court on September 28, 2009, and that motion was denied by order dated October 6, 2009. (Doc. No. 6-1, pp. 1–2).

Jinks filed a state petition for writ of habeas corpus in Chattooga County, Georgia, on October 9, 2009, which was later transferred to Coffee County, Georgia. After two (2) evidentiary hearings, the Coffee County Superior Court denied Jinks' requested relief by order dated May 2, 2013. (Resp't's Exh. 2). Jinks filed an application for a certificate of probable cause to appeal, and the Georgia Supreme Court denied Jinks' application on October 7, 2013. (Resp't's Exh. 3).

Jinks placed this petition in the prison mailing system on November 6, 2013, and it was docketed on November 15, 2013. (Doc. No. 1). Jinks asserts that: 1) he unknowingly and involuntarily accepted an unconstitutional guilty plea because his counsel had a conflict of interest; 2) there was insufficient evidence; 3) he involuntarily, unknowingly, and unintelligently accepted a guilty plea, in violation of his constitutional rights; 4) his indictment was void; 5) there was a "failure to demurrer"; 6) his guilty plea to the charge of making terroristic threats was based on hearsay and untrue statements; and 7) there was a violation of his right against double jeopardy. (Id.). Respondent contends that Jinks' petition was filed untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is

2

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jinks' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Jinks was convicted in the Bulloch County Superior Court on October 26, 2005, and he did not file a direct appeal. Jinks had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Thus, his conviction became final on or about November 25, 2006. Because Jinks' conviction became final on November 25, 2006, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through

3

the State's post-conviction procedures, by definition it remains pending." <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004); <u>see</u> <u>also</u> <u>Alexander v. Sec'y, Dep't of Corr.</u>, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Jinks' conviction became final on November 26, 2005, and he filed a motion to vacate a void judgment with the Bulloch County Superior Court on September 28, 2009, and his state habeas corpus petition on October 9, 2009. (Resp't's Exh. 5, pp. 33–35). By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was no time remaining in that limitations period to toll. Jinks' petition, which was filed on November 6, 2013, and which was docketed on November 15, 2013, was untimely filed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Jinks' petition for writ of habeas corpus be **DISMISSED**, with prejudice, as it was untimely filed.

**SO REPORTED** and **RECOMMENDED**, this 4th day of March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)